IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARY RAY ORTEGA,<br><br>Plaintiffs,<br><br>v.<br><br>LASIK VISION INSTITUTE and CARE CREDIT/SYNCHRONY BANK,<br><br>Defendants. | **(1) REPORT & RECOMMENDATION TO GRANT IN PART MOTION TO DISMISS (ECF NO. 12) AND DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(2) ORDER DENYING AS MOOT MOTION FOR EXTENSION OF TIME (ECF NO. 15)**<br><br>Case No. 2:18-cv-00982-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

On April 24, 2019, the undersigned[1] granted in part and denied in part Plaintiff Gary Ray Ortega's Motion for Order to Amend Complaint and denied his Motion for Official Service of Process. (Mem. Dec. & Order Denying in Part & Granting in Part Mot. for Order to Am. Compl. & Denying Mot. for Official Service of Process ("April 24 Order"), ECF No. 10.) As set forth in that Order, the Court found Mr. Ortega's original Complaint (ECF No. 3), dated December 28, 2018, deficient because it "does not contain sufficient allegations concerning subject matter jurisdiction and does not assert any causes of action against the Defendants." (Id. at 17.) Accordingly, the undersigned denied Mr. Ortega's Motion for Official Service of Process, finding "service of [a] facially

---

[1] On February 4, 2019, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.)

1

deficient Complaint (ECF No. 3) unwarranted at this time." (Id. at 2–3; see also id. at 16–17.)

Further, the undersigned found Mr. Ortega's Proposed Amended Complaint (ECF No. 5-1) deficient because it (1) failed to demonstrate that the Court has subject matter jurisdiction to hear this case, (2) failed to allege that Mr. Ortega complied with the prelitigation procedural requirements of the Utah Health Care Malpractice Act, Utah Code Ann. 78–14–1, et seq., which are prerequisites to bringing claims in this court against Defendant Lasik Vision arising out of his December 2016 eye surgery, and (3) failed to allege facts sufficient to state a breach of contract claim against Defendant Synchrony Bank/Care Credit. (April 24 Order 2, 5–16, ECF No. 10.) The undersigned found Mr. Ortega's proposed amendment futile but granted Mr. Ortega until May 24, 2019 to file an Amended Complaint addressing the deficiencies outlined in the Order. (Id. at 2, 17–18.) The Order further warned Mr. Ortega that if he failed to file an Amended Complaint by May 24, 2019, the undersigned would recommend the District Judge dismiss this case without prejudice for lack of subject matter jurisdiction. (Id. at 18.)

Shortly after the Court entered its Order, on May 15, 2019, Defendants Synchrony Bank and Care Credit appeared in the case and filed a Motion to Dismiss the Complaint. (Def. Synchrony Bank and CareCredit LLC's Mot. to Dismiss Compl., ECF No. 12.) Among other things, Synchrony Bank and Care Credit ask the Court to dismiss Mr. Ortega's Complaint because, as outlined in the Court's April 24 Order, Mr. Ortega fails to allege facts sufficient to establish subject matter jurisdiction. (Id. at 4–5.)

...
...

Further, on May 23, 2019, Mr. Ortega moved for an extension of time to file an Amended Complaint. (Mot. for Extension of Time to Am. Original Compl. ("Mot. for Extension of Time"), ECF No. 15.) Mr. Ortega indicates that he has sought a prelitigation panel review of his claims against Defendant Lasik Vision and Dr. Gordon Jensen, Inc. and seeks an extension of time to allow the panel to issue a certificate of compliance. (Id., ¶¶ 20, 34.) Mr. Ortega does not state that he needs additional time to discover facts concerning subject matter jurisdiction and does not even mention subject matter jurisdiction at all other than to indicate that he would dismiss the case and remove it to state court if the prelitigation panel finds Dr. Gordon C. Jensen Inc. liable. (See id., ¶¶ 28, 36.) Similarly, in response Synchrony Bank and Care Credit's Motion to Dismiss, Mr. Ortega claims that "subject matter jurisdiction will be determined whether Dr. Gordon Jensen was acting as an 'independent contractor' or an 'employee' of Lasik Vision Institute, LLC." (Objection to Def(s) Synchrony Bank & Care Credit's Mot. to Dismiss, ¶¶ 16, 18–19, ECF No. 17.) Mr. Ortega further suggests that if the Court finds that Federal Trade Commission ("FTC") Act "16 C.F.R. Section 433.2 was violated," then his "jurisdictional claim of Diversity of Citizenship is a moot point because FTC Rule 433 is a Federal Question pursuant to Title 28, U.S.C. Section 1331." (Id., ¶ 22.) Synchrony Bank and Care Credit opposed Mr. Ortega's Motion for Extension of Time arguing that the motion failed to show good cause to grant an extension as to them. (Opp'n to Mot. for Extension of Time to Am. Original Compl. 4–6, ECF No. 18.)

As addressed below, the undersigned RECOMMENDS that the District Judge dismiss this case for lack of subject matter jurisdiction. Mr. Ortega's Complaint fails to establish that subject matter jurisdiction exists in this case. Moreover, Mr. Ortega's

allegations and publicly available government records presumptively show that diversity jurisdiction does not exist because both he and Defendant Synchrony Bank are citizens of Utah. Thus, the undersigned RECOMMENDS that the District Judge dismiss Mr. Ortega's Complaint for lack of subject matter jurisdiction and GRANT IN PART Synchrony Bank and Care Credit LLC's Motion to Dismiss to the extent it seeks dismissal for failure to establish subject matter jurisdiction. Finally, given this recommendation, the undersigned DENIES AS MOOT Mr. Ortega's request to extend the time to amend his Complaint.

Mr. Ortega recently filed a Notice of Intent to add other defendants to this case. (Notice of Intent to Join the Law Firms of King & Burke, P.C., Younker, Hyde, & MacFarlane, the Lasik Surgeon Gordon Jensen, M.D., & the Parent Co. of Synchrony Bank & Care Credit Synchrony Fin. as Co-Defendants ("Notice of Intent"), ECF No. 20.) In a subsequent filing, Mr. Ortega expressly states that he "did not infer or imply an amendment to the complaint." (Mot. to Strike Defs.' Synchrony Bank & Care Credit, LLC's Opp'n to Pl.'s Mot. to Am. Compl., ECF No. 22.) Further, the proposed additions to the Complaint would not alter the lack of subject matter jurisdiction discussed below. Therefore, the Court does not address those proposed additions.

## **FACTUAL BACKGROUND**

On January 7, 2019, a magistrate judge granted Mr. Ortega's request to proceed in forma pauperis in this matter. (ECF No. 2.) The operative Complaint in this case names Lasik Vision and Synchrony Bank/Care Credit as Defendants. (Compl., ECF No. 3.) Mr. Ortega asserts that on December 31, 2016, Lasik Vision performed Lasik eye surgery on him, causing irreparable damage to his eyes. (Id., ¶¶ 1, 3–4, 7–13.) He also

asserts that he became "indebted" to Synchrony Bank/Care Credit prior to the surgery and that he "is now paying 'interest on the interest' which is not part of the credit card agreement" and is "unconscionable." (Id., ¶¶ 2, 5–6.) Mr. Ortega's Complaint does not assert any causes of action against the Defendants, but in his Proposed Amended Complaint, which the undersigned denied leave to file in the April 24 Order, he attempted to assert causes of action against Lasik Vision for (1) misrepresentation of fact, (2) medical malpractice, (3) battery, (4) negligence per se, and (5) breach of the implied warranty of fitness for a particular purpose, and a claim for breach of contract against Synchrony Bank/Care Credit. (Proposed Am. Compl., ¶¶ 27–100, ECF No. 5-1.)

As to subject matter jurisdiction and venue, Mr. Ortega alleges in his Complaint that "the Corporate Offices of [Lasik Vision] are out of the state of Utah in Palm Beach Florida and the Corporate Offices of [Synchrony Bank/Care Credit] are in Orlando Florida" and that he "is a lifetime resident of Utah." (Compl. at 2, ECF No. 3.) In his Proposed Amended Complaint, Mr. Ortega asserted that "[t]his case is based on Diversity of Citizenship." (Proposed Am. Compl.,¶ 26, ECF No. 5-1.) Mr. Ortega seeks $5,000,000 in damages. (Compl. at 2, ECF No. 3.)

In the April 24 Order, the undersigned outlined the problems with the similar jurisdictional allegations in Mr. Ortega's Proposed Amended Complaint. The Court noted that Mr. Ortega: (1) failed to allege his citizenship or domicile adequately, (2) failed to allege specifically that Lasik Vision is a corporation, and to the extent that it is a corporation, failed to allege its state of incorporation or where it maintains its principal place of business, (3) improperly combined Synchrony Bank and Care Credit into a

5

single entity, failed to identify the type of entity each one is, and failed to make specific allegations concerning the citizenship of Synchrony Bank or Care Credit. (April 24 Order 7–9, ECF No. 10.)

Publicly available records from the Office of the Comptroller of the Currency indicate that Synchrony Bank is a federal savings association with its home office in Utah. See Office of the Comptroller of the Currency, Federal Savings Associations Active as of 12/31/19 (identifying Synchrony Bank as a federal savings association from Draper, Utah), available at: https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/thrifts-by-name.pdf (last visited 1/9/20); Office of the Comptroller of the Currency, 12/31/15 Synchrony Bank Community Reinvestment Act Performance Evaluation 3 (indicating that Synchrony Bank "has its home office in Draper, Utah"), available at: https://www.occ.gov/static/cra/craeval/oct16/715044.pdf (last visited 1/9/20).

## **LEGAL STANDARD**

"[F]ederal courts are courts of limited jurisdiction," and accordingly, "a presumption against [federal] jurisdiction" exists. Penteco Corp. P'ship--1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). Thus, "[t]he party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.' " Id. (quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). "When suing multiple defendants in a diversity action, the plaintiff bears the burden of proving that diversity jurisdiction exists for each defendant." McBride v. Doe, 71 F. App'x 788, 789–90 (10th Cir. 2003) (unpublished) (citing United

States ex. rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995)).

Courts construe the filings of pro se plaintiffs liberally and hold them "to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a plaintiff must establish that subject matter jurisdiction exists even if he proceeds pro se. See McBride, 71 F. App'x at 790 (finding "Plaintiff's filings lack even the most minimal assertions required to establish jurisdiction in federal court[,]" and "dismissal is warranted despite Plaintiff's pro se status"); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (indicating that a pro se plaintiff must " 'follow the same rules of procedure that govern other litigants' " (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . ." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (noting that federal courts have an independent obligation to determine whether they have subject matter jurisdiction over a case). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## JUDICIAL NOTICE

A court may take judicial notice of government reports. See Pueblo of Sandia v. United States, 50 F.3d 856, 862 n.6 (10th Cir. 1995) (taking judicial notice of government records); Clappier v. Flynn, 605 F.2d 519, 535 (10th Cir. 1979) (taking judicial notice of government publications). Specifically, the Tenth Circuit has taken

judicial notice of documents issued by the Office of the Comptroller of the Currency in considering whether subject matter jurisdiction exists. See Khan v. Bank of New York Mellon, 525 F. App'x 778, 780–81 (10th Cir. 2013) (unpublished) (taking judicial notice of a national banks list issued by the Office of the Comptroller of the Currency which identified a defendant bank as being located in Simi Valley, California and accordingly, finding diversity jurisdiction lacking because one of the plaintiffs was also from California).

Thus, the undersigned takes judicial notice of Office of the Comptroller of the Currency documents indicating that Synchrony Bank maintains its home office in Draper, Utah.

## **DISCUSSION**

"District [] courts have limited subject matter jurisdiction and may only hear cases 'when empowered to do so by the Constitution and by act of Congress.' " Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004) (quoting 16 James Wm. Moore, Moore's Federal Practice § 108.04(2) (3d ed. 2003)). Subject matter jurisdiction arises through one of two ways. First, Congress provides federal district courts with federal question jurisdiction "over 'civil actions arising under the Constitution, laws, or treaties of the United States.' " Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331). Second, Congress grants federal district courts diversity jurisdiction "over 'all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States.' " Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015) (quoting 28 U.S.C. § 1332) (alterations in original). To invoke diversity jurisdiction, "the

citizenship of all defendants must be different from the citizenship of all plaintiffs." McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008).

Mr. Ortega's Complaint fails to establish that this Court has subject matter jurisdiction over this case. First, Mr. Ortega does not allege federal question jurisdiction, and indeed, the Complaint does not contain any causes of action or facts suggesting violation of a federal law. Instead, Mr. Ortega's claims arising out of his allegedly defective Lasik eye surgery implicate state law, as evidenced by his Proposed Amended Complaint which attempted to assert state law claims such as medical malpractice, negligence, and breach of contract against the Defendants.

Further, even if Mr. Ortega attempted to amend his Complaint to assert a cause of action under FTC Act 16 C.F.R. § 433.2, as he suggests in his Objection to Synchrony Bank and Care Credit's Motion to Dismiss, this attempt would prove futile and would not provide the Court with federal question jurisdiction. The FTC Act does not supply a private right of action, so Mr. Ortega cannot assert claims against the Defendants under the Act. See Am. Airlines v. Christensen, 967 F.2d 410, 414 (10th Cir. 1992) (indicating that "there is no private right of action under [the FTC Act]"); Olds v. Bank of Am., N.A., 573 F. App'x 710, 711 (10th Cir. 2014) (unpublished) (stating that "there is no private right of action under the FTC Act"); Keams v. Tempe Tech. Inst., Inc., 993 F. Supp. 714, 722 (D. Ariz. 1997) (indicating that "it is clear that the FTC Holder Rule [16 C.F.R. § 433.2] does not provide a private right of action under federal law").

Second, Mr. Ortega has not pled facts to show the existence of diversity jurisdiction. Mr. Ortega sufficiently alleges that the amount in controversy exceeds

$75,000, (Compl. at 2, ECF No. 3), but he does not allege sufficient facts to show diversity of citizenship between the parties. Specifically, Mr. Ortega improperly combines Synchrony Bank and Care Credit into a single entity,[2] fails to identify the type of entity that each Defendant is, and fails to make specific allegations concerning the citizenship of each of the Defendants. Mr. Ortega's failure to allege facts sufficient to establish subject matter jurisdiction is enough to warrant dismissal of his Complaint. See Penteco Corp., 929 F.2d at 1521; McBride, 71 F. App'x at 789–90. However, beyond this failure, the available facts presumptively demonstrate that diversity jurisdiction does not exist because both Mr. Ortega, the Plaintiff, and Synchrony Bank, one of the Defendants, are citizens of Utah.

     Mr. Ortega alleges in his Complaint that he "is a lifetime resident of Utah." (Compl. at 2, ECF No.3.) In the April 24 Order, the undersigned explained that residence is not the same as domicile. (April 24 Order 7, ECF No. 10); see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1238 (10th Cir. 2015) ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." (citing Whitelock v. Leatherman, 460 F.2d 507, 514 n. 14 (10th Cir. 1972)); Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."). However, an individual's residence is prima facie evidence of his domicile. See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (stating that "the place of residence is prima

---

[2] As addressed in the April 24 Order, a brief internet search reveals that Synchrony Bank and Care Credit are two separate entities. (April 24 Order 8, ECF No. 10.)

facie the domicile"); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966) (indicating that "place of residence is prima facie the domicile"); Wright & Miller, 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.) ("It is assumed . . . that a person's current residence is also his domicile[.]"); Anderson v. Watts, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary[.]"). Mr. Ortega's allegation that he is a "lifetime resident of Utah" strongly suggests he has been domiciled in Utah his entire life, including at the time he filed his Complaint in December 2018. See Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014) (indicating that once a person establishes a domicile, a presumption arises that his domicile remains the same); Mitchell v. United States, 88 U.S. 350, 353 (1874) ("A domicile once acquired is presumed to continue until it is shown to have been changed."). Further, Mr. Ortega has not claimed in his Motion for Extension of Time or in any other filing that he is a resident, let alone citizen, of another state. See Zavala v. Deutsche Bank Tr. Co. Americas, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (unpublished) (noting that the complaint indicates the plaintiff resides in California and finding that "[i]n the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes"). Thus, Mr. Ortega appears to be a citizen of Utah for diversity purposes.

Further, government records—which the undersigned takes judicial notice of—demonstrate that Synchrony Bank is federal savings association with its home office in Utah. See Office of the Comptroller of the Currency, Federal Savings Associations Active as of 12/31/19 (identifying Synchrony Bank as a federal savings association from Draper, Utah); Office of the Comptroller of the Currency, 12/31/15 Synchrony Bank

11

Community Reinvestment Act Performance Evaluation 3 (indicating that Synchrony Bank "has its home office in Draper, Utah"). Accordingly, Synchrony Bank is a citizen of Utah for diversity purposes. See 12 U.S.C. § 1464(x) ("In determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office."). Thus, diversity jurisdiction does not appear to exist in this case given that the Plaintiff is not diverse from all of the Defendants. See McPhail, 529 F.3d at 951.

Because Mr. Ortega has not established that the Court has subject matter jurisdiction over this case, the undersigned RECOMMENDS that the District Judge dismiss Mr. Ortega's Complaint without prejudice. See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (emphasis in original)).

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS that the District Judge dismiss without prejudice Mr. Ortega's Complaint for lack of subject matter jurisdiction, and accordingly, GRANT IN PART Synchrony Bank and Care Credit's Motion to Dismiss (ECF No. 12) to the extent it seeks dismissal for lack of subject matter jurisdiction.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. See 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b). The Court further notifies the parties that they must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to file objections may constitute waiver of objections upon subsequent review.

## **ORDER**

Given the foregoing recommendation that the District Judge dismiss this case for lack of subject matter jurisdiction, the undersigned DENIES AS MOOT Mr. Ortega's Motion for Extension of Time (ECF No. 15).

DATED this 10th day of January, 2020.

BY THE COURT:

_____
Honorable Evelyn J. Furse
United States Magistrate Judge