IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARY ORTEGA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LASIK VISION INSTITUTE, LLC; CARECREDIT, LLC; and SYNCHRONY BANK;<br><br>　　　　Defendants. | ORDER DENYING MOTION TO DISMISS AS MOOT AND ORDER TO SHOW CAUSE RE JURISDICTION<br><br>Case No. 2:18-cv-00982-JNP-EJF<br><br>District Judge Jill N. Parrish |

　　　　Plaintiff Gary Ortega sued Lasik Vision Institute, LLC; CreditCare, LLC; and Synchrony Bank. CreditCare and Synchrony Bank moved to dismiss, arguing that the court lacked subject matter jurisdiction and that Ortega had failed to state a claim for relief against them. [Docket 12]. Magistrate Judge Furse issued a Report and Recommendation suggesting that the motion to dismiss be granted because the complaint had not adequately alleged that this court had subject matter jurisdiction to hear this case. [Docket 23]. The Report and Recommendation noted that the complaint did not assert a discernable federal cause of action. The Report and Recommendation also found that publicly available records showed that Synchrony Bank was a citizen of Utah and that the complaint alleged facts indicating that Ortega was also a citizen of Utah. Accordingly, the Report and Recommendation concluded that this court had neither federal question nor diversity jurisdiction to hear this case.

　　　　Ortega subsequently filed a motion to dismiss CreditCare and Synchrony Bank from this action. The court granted the motion. Ortega also objected to the Report and Recommendation,

asserting that this court had diversity jurisdiction because Ortega had lived in Utah for many years and Lasik Vision Institute was a Delaware limited liability company.

After Judge Furse issued her Report and Recommendation on CreditCare and Synchrony Bank's motion to dismiss, Ortega dismissed these parties from this lawsuit. Because the parties that brought the motion to dismiss are no longer a part of this lawsuit, the Report and Recommendation on this motion is now MOOT. Accordingly, the court DENIES AS MOOT the motion to dismiss.

The court notes, however, that it "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). In his objection to the Report and Recommendation, Ortega asserts that the remaining defendant in this case, Lasik Vision Institute, is a Delaware LLC. But the state where an LLC is registered does not determine its citizenship. Instead, an LLC is a citizen of every state in which its members are citizens. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015). Thus, without information regarding the citizenship of the members of Lasik Vision Institute, it is impossible to determine whether the diversity requirement of 28 U.S.C. § 1332 has been satisfied in this case. The court ORDERS Ortega to file a document with this court alleging whether any of the members of the Lasik Vision Institute are citizens of Utah. The plaintiff shall file this document with the court by March 16, 2020. If Ortega requires discovery to determine the membership of Lasik Vison Institute, he must notify the court and the court will order Lasik Vision Institute to submit to limited discovery regarding this issue. A failure to respond to this Order may result in the dismissal of the complaint for a failure to show that this court has subject matter jurisdiction.

DATED February 13, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge