UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GARY RAY ORTEGA,<br><br>Plaintiff,<br><br>v.<br><br>LASIK VISION INSTITUTE, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUCCESOR LIABILITY (DOC. NO. 68)**<br><br>Case No. 2:18-cv-00982<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Gary Ortega has filed a motion to impose successor liability on Vision Group Holdings—a nonparty to this litigation.[1] Mr. Ortega contends Vision Group should be liable, as a successor, for injuries Lasik Vision Institute allegedly caused.[2] And Mr. Ortega asks the court to make this finding of successor liability without requiring him to file an amended complaint.[3] This motion is denied.

Successor liability is a theory of recovery through which a plaintiff can hold a successor entity liable for claims against its predecessor.[4] This doctrine may be used

---

[1] (Mot. for Order Imposing Successor Liability Upon Vision Group Holdings Without a Complaint and Summons as New Party of Interest (Mot.), Doc. No. 68.)

[2] (*Id.* at 3.) Because the motion lacks page numbers, citations are to CM/ECF pagination.

[3] (*See id.* at 1.)

[4] *Crane Const. Co. v. Klaus Masonry*, 71 F. Supp. 2d 1138, 1142 (D. Kan. 1999); *see also Trujillo v. Longhorn Mfg. Co.*, 694 F.2d 221, 224 (10th Cir. 1982) (noting exceptions

against an entity that did not exist at the time of the alleged violation.[5] To pursue a claim under a theory of successor liability, "an action must be filed against the successor entity and the cause of action must be [pled] in a complaint."[6] And "[d]epending on the underlying theory, successor liability must be established by preponderance of the evidence or by clear and convincing evidence."[7]

Mr. Ortega does not address either standard in his motion and he has not sought to amend his complaint. Instead, without satisfying the procedural or substantive requirements for successor liability, he requests an "order imposing successor liability" on Vision Group.[8] Mr. Ortega refers to "Section 363(f) of the Bankruptcy Code"[9] as the basis for his request.[10] But this statute only describes the requirements for a

---

to the general rule against successor liability which allow a successor to be held liable for the predecessor's actions).

[5] *Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1179 (D. Utah 2021) (holding an entity's "prior nonexistence does not foreclose liability—there can be successor liability").

[6] *Crane Const. Co.*, 71 F. Supp. 2d at 1142.

[7] *ACI Constr., LLC v. United States*, 727 F. Supp. 3d 1236, 1255 (D. Utah 2024), (citations omitted) (finding successor liability by a clear and convincing evidence standard), *appeal dismissed*, No. 24-4059, 2025 U.S. App. LEXIS 13404 (10th Cir. Apr. 15, 2025) (unpublished).

[8] (Mot., Doc. No. 68 at 1.)

[9] 11 U.S.C. § 363.

[10] (Mot., Doc. No. 68 at 3.) Mr. Ortega also refers to other sections of the Bankruptcy Code and Model Business Corporations Act throughout his motion, but they are inapplicable to the question of successor liability in this case. (*See generally id.*)

bankruptcy trustee to sell property. It does not authorize imposing successor liability on a nonparty in this non-bankruptcy case.

Given the current posture of the case, Mr. Ortega's motion must be denied. Successor liability "must be determined upon the facts" of each case.[11] And courts typically decide it as part of a trial or on dispositive motions.[12] But here, the sole remaining defendant, Lasik Vision, has yet to appear in the case. And Vision Group is a nonparty who has not had the opportunity to oppose Mr. Ortega's motion.[13]

Where Mr. Ortega provides no other legal support for his request, his motion[14] is denied.

DATED this 23rd day of September, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[11] *Trujillo*, 694 F.2d at 225 (citing *E.E.O.C. v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1094 (6th Cir.1974)).

[12] *See, e.g.*, *ACI Constr.*, 727 F. Supp. 3d at 1267 (addressing successor liability after a bench trial); *Gamez v. Country Cottage Care & Rehab.*, 377 F. Supp. 2d 1103, 1122–24 (D.N.M. 2005) (finding a genuine issue of material fact prevented summary judgment on successor liability); *Robison*, 569 F. Supp. 3d at 1181 (holding the plaintiff sufficiently pled successor liability to survive a motion to dismiss).

[13] While Mr. Ortega included a Certificate of Service with his motion, indicating he served the motion on Vision Group Holdings at an address in Florida, (*see* Mot., Doc. Not. 68 at 5), Vision Group is a nonparty to the case. It is not apparent Mr. Ortega served Vision Group in a manner giving it actual notice of the motion.

[14] (Mot., Doc. No. 68.)